IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Civil Action No. 06-CV-6022

ARIE BODEK, an individual,

   and

ESTHER BODEK, an individual,

Plaintiffs,

v.

HARVEY S. BUNIS, in his individual and official capacity as an Assistant District Attorney for the County of Monroe of the State of New York,
THE LAW OFFICE OF HARVEY S. BUNIS, a Professional Corporation,
MICHAEL C. GREEN, in his individual and official capacity as District Attorney for the County of Monroe of the State of New York,
JOE AMORESE, in his individual and official capacity as a Court Attendant for the Monroe County Court of the State of New York,
PRISCILLA STANTON AUCHINCLOSS, an individual,
KELLY L. PLESZEWICZ, an individual,
THE LAW OFFICE OF SHARON KELLY SAYERS, a Professional Corporation, and
SHARON KELLY SAYERS, an individual,

Defendants.

## AMENDED VERIFIED COMPLAINT AND JURY DEMAND

**COME NOW**, the Plaintiffs Arie Bodek and Esther Bodek, *Pro Se*, and respectfully submit their Amended Verified Complaint and Jury Demand, and allege and aver as follows:

### INTRODUCTION

This civil action arises from damages resulting from the administration of the "Pre-Warrant Pilot Program" of the County of Monroe in the State of New York. The "Pre-Warrant Pilot Program" operates exclusively in the Seventh Judicial District of the State of New York.

1

## I. JURISDICTION, PARTIES AND VENUE

1) Plaintiff Arie Bodek (hereinafter "Plaintiff Father") brings this action to redress actions taken in furtherance of, and damages resulting from, a conspiracy to deprive, and actual deprivation of his rights secured by the First, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution, under 42 U.S.C. § 1983.

2) Plaintiff Esther Bodek (hereinafter "Plaintiff Daughter") brings this action to redress actions taken in furtherance of, and damages resulting from, a conspiracy to deprive, and actual deprivation of her rights secured by the First, Fifth, Ninth, and Fourteenth Amendments to the U.S. Constitution, under 42 U.S.C. § 1983.

3) The claims alleged herein are separate from and collateral to all State proceedings referenced herein.

4) Jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims is secured under 28 U.S.C. § 1331.

5) Jurisdiction over the Plaintiffs' claims for declaratory relief is secured by 28 U.S.C. § 2001.

6) Jurisdiction over the Plaintiffs' common law claims arising from the same transaction and/or occurrence underlying the Plaintiffs' 42 U.S.C. § 1983 claims is secured by 28 U.S.C. § 1367(a) and 28 U.S.C. § 1367(c).

7) The Defendants executed violation(s) of 42 U.S.C. § 1983 in the State of New York.

8) Venue is proper in the United States District Court for the Western District of

New York pursuant to 28 U.S.C. § 1391 (b)(1), (2), and (3).

9)      Plaintiff Father is dual citizen of the United States and Israel, and was, at all time relevant hereto, a resident of this State of New York. Plaintiff Father resides at 444 Warren Avenue in Rochester, New York, 14618.

10)     Plaintiff Daughter is citizen of the United States, and was, at all time relevant hereto, a resident of the State of Colorado. Plaintiff Daughter is currently residing with Plaintiff Father to assist him through acrimonious matrimonial proceedings.

11)     Defendant Harvey Bunis (hereinafter "Defendant Bunis") is and was at all relevant times hereto, a citizen of the United States and a resident of the State of New York, residing at 628 North Winton Road, in Rochester, New York, 14618. Defendant Bunis has caused events to arise within the State of New York, which form the basis of this lawsuit. Defendant Bunis is sued in his individual and official capacities.

12)     Defendant Michael C. Green (hereinafter "Defendant Green") is sued in his official capacity as the District Attorney for the County of Monroe in the State of New York. Defendant Green's prosecutorial authority is unlawfully administered as a custom, practice or procedure called the "Pre-warrant Pilot Program" in the County of Monroe of the State of New York.

13)     Defendant Law Offices of Harvey S. Bunis is and was, at all relevant times hereto, a New York Professional Corporation located at 600 Wilder Building, One East Main Street in Rochester, New York, 14614. Defendant Office has caused events to arise within the State of New York, which form the basis of this lawsuit.

3

14) Defendant Kelly Pleszewicz (hereinafter "Defendant Pleszewicz"), is and was at all times relevant hereto, a citizen of the United States and a resident of the State of New York. Defendant Pleszewicz has executed violation(s) of 42 U.S.C. § 1983 within the State of New York, which form the basis of this lawsuit. Defendant Pleszewicz is the Office Manager for the Law Office of Sharon Kelly Sayers. Defendant Pleszewicz resides at 55 Crosby Lane in Rochester, New York, 14612. Defendant Plezewicz is employed by the Law Offices of Sharon Kelly Sayers located at 30 North Broad Street, Suite 506, in Rochester, New York, 14614.

15) Defendant Sharon Kelly Sayers (hereinafter "Defendant Sayers") is and was at all relevant times hereto, a citizen of the United States and a resident of the State of New York. Defendant Sayers has executed violation(s) of 42 U.S.C. § 1983 within the State of New York, which form the basis of this lawsuit.

16) Defendant Law Office of Sharon Kelly Sayers is and was at all relevant times hereto, a New York Professional Corporation located at 30 North Broad Street, Suite 506, Rochester, New York, 14614. The Law Office of Sharon Kelly Sayers provides legal representation to individuals. The Law Office of Sharon Kelly Sayers has executed violation(s) of 42 U.S.C. § 1983 which form the basis of this lawsuit.

17) Defendant Priscilla Stanton Auchincloss (hereinafter "Defendant Auchnincloss"), is and was at all relevant times hereto, a citizen of the United States and a resident of this State of New York. Defendant Auchincloss resides at 62 Modelane Street in Rochester, New York, 14618. Defendant Auchincloss has executed violations of 42 U.S.C. § 1983, which form the basis of this lawsuit. At all time relevant hereto, Defendant Auchincloss operated under a

contract for representative services with the Law Office of Sharon Kelly Sayers.

18) Joe Amorese (hereinafter "Defendant Amorese") is and was at all relevant times hereto, a citizen of the United States and a resident of this State of New York. Defendant Amorese is employed as a Court Attendant in the Monroe County Courthouse located at 99 Exchange Street, Rochester, New York, 14614. Defendant Amorese has executed violations of 42 U.S.C. § 1983, which form the basis of this lawsuit.

19) All jurisdictional prerequisites to this lawsuit have been met or have occurred.

## II. GENERAL ALLEGATIONS

20) The Plaintiffs re-allege and incorporate by reference ¶¶ 1 - 19 of this Amended Verified Complaint and Jury Demand.

21) These claims arise out of the Defendants' wrongful acts and omissions as executed in violation of 42 U.S.C. § 1983.

22) The Defendants' acts and omissions furthered a general course of action to obstruct the Plaintiffs' exercise and enjoyment of their rights, privileges and immunities as secured by United States law or executed pursuant to an arbitrary and invalid official custom, practice or procedure.

23) The Defendants' acts and omissions are assessed in light of relative status, qualifications, title, experience, political motive, and economic influence.

24) All named Defendants acted under the color of law as defined by precedent and by the history and purpose of 42 U.S.C. § 1983.

25) The Defendants' acts and omissions impeded or obstructed the Plaintiffs'

respective abilities to exercise the rights, privileges and immunities secured to the Plaintiffs by United States law and gives rise to a cause of action arising under 42 U.S.C. § 1983.

26) The general course of conduct employed by the Defendants includes but is not limited to: scare tactics; threats; fabrications; *ex-parte* influence on state officials; destruction of public documents; arbitrary and invalid application of municipal custom, practice or procedure; coercion; delay; and denial.

27) The Law Office of Sharon Kelly Sayers engaged in repeated attempts to exploit Plaintiff Daughter in collateral matrimonial proceedings on behalf of Defendant Auchnicloss. After Defendant Sayers' repeated attempts to gain an advantage on behalf of her client failed, Defendant Sayers, Plezsewicz, Auchincloss and the Law Office of Sharon Kelly Sayers used an unconstitutional custom, practice or procedure of Monroe County called the "Pre-warrant Pilot Program" against the Plaintiffs to gain a collateral advantage.

28) At all times relevant hereto, the Law office of Sharon Kelly Sayers operated under contract as a fiduciary for Defendant Auchincloss in collateral matrimonial proceedings.

29) On November 8, 2005, Defendant Pleszewicz physically pushed Plaintiff Daughter to prevent Plaintiff Daughter from retrieving Plaintiff Father from a meeting with Defendant Sayers before.

30) Defendant Pleszewicz submitted false sworn statements to law enforcement.

31) On December 21, 2005, Defendant Auchincloss informed Plaintiff Father that "the police were called" by the Law Office of Sharon Kelly Sayers upon the Plaintiffs' departure. Thereafter the Plaintiffs discovered that Defendants Auchincloss, Sayers, Pleszewicz, and Bunis

had activated the "Pre-Warrant" process.

32)     District Attorney Michael Green delegates actual or apparent prosecutorial authority to administrators of the "Pre-Warrant Pilot Program" as a custom, practice or procedure.

33)     The "Pre-Warrant Pilot Program" is arbitrary, invalid, and unconstitutional on its face as applied to the Plaintiffs.

34)     Defendant Auchincloss acted jointly or by mutual assent to the general course of conduct of all named Defendants to interfere with the Plaintiffs' ability to exercise or enjoy their rights, privileges or immunities as secured by United States law. Defendant Auchincloss' affirmative acts in furtherance of the unlawful course of conduct complained of herein include but are not limited to:

> a) Assisting, supporting and authorizing the Law Office of Sharon Kelly Sayers to threaten Plaintiff Daughter with criminal prosecution to further her own pecuniary purposes and with malice;
>
> b) Concealing the names of the employee(s) present at the Law Offices of Sharon Kelly Sayers on November 8, 2005;
>
> c) Providing monetary compensation to the Law Offices of Sharon Kelly Sayers to act in a dual capacity as advocate and witness;
>
> d) Continuing to authorize and assist the Law Offices of Sharon Kelly Sayers even upon the admonitions of Defendant Auchincloss' close relative who is an attorney; and

7

   e) Employing Defendant Pleszewicz attempt to actively seek out Plaintiff Daughter to engineer violations of a no contact order issued by Judge Stephen K. Lindley.

35)  Defendant Plezsewicz acted jointly or by mutual assent to the general course of conduct of all named Defendants to interfere with the Plaintiffs' ability to exercise or enjoy their rights, privileges or immunities as secured by United States law.  Defendant Pleszewicz' affirmative acts in furtherance of the unlawful course of conduct include but are not limited to:

   a) Falsely reporting to Plaintiff Daughter that Plaintiff Father refused to see her [Plaintiff Daughter] on November 8, 2005;

   b) Engaging in offense physical contact to prevent the Plaintiff Daughter from knocking on the door to retrieve Plaintiff Father from a meeting in accordance with Plaintiff Father's explicit instructions;

   c) Attempting to make Plaintiff Father a party to the "Adjournment in Contemplation of Dismissal (ACD) that Defendant Pleszewicz "offered" to Plaintiff Daughter;

   d) Threatening to prosecute Plaintiff Daughter as a punishment to Plaintiff Father; and

   e) Acting with Defendant Bunis—during a "Pre-Warrant" on January 11, 2006— to order Plaintiff Daughter sit next to Defendant Pleszewicz and walk side by side with her [Defendant Pleszewicz] in violation of a no contact order issued by Judge Stephen K. Lindley.

36)    Defendant Sayers acted jointly or by mutual assent to the general course of conduct employed by all Defendants to interfere with the Plaintiffs' ability to exercise or enjoy their rights, privileges or immunities as secured by United States law.  Defendant Sayers affirmative acts in furtherance of the unlawful course of conduct include but are not limited to:

    a) Threatening Plaintiff Father to "teach her [Plaintiff Daughter a lesson" if the Plaintiff would "ever to become a member of the [legal] Profession in this [New York] state";

    b) Threatening Plaintiff Arie Bodek that she would "keep her [Plaintiff Esther Bodek] out of the [matrimonial] hearings;

    c)  Engaging in vexatious attempts to prevent Plaintiff Daughter from communicating with or assisting Plaintiff Father;

    d) Communicating *ex-parte* with Judge Teresa Johnson about Plaintiff Daughter and Plaintiff Daughter's counsel of record in separate and collateral State proceedings;

    e) Publishing false and injurious statements to third parties regarding the Plaintiffs;

    f) Attempting to obstruct Plaintiff Daughter's right of access to the courts;

    g) Deliberately escalating conflict between the Plaintiffs and Defendant Auchincloss for the purposes of her own pecuniary gain; and

    h) Conspiring with Defendants Bunis, Pleszewicz, Auchincloss to engage in an unlawful and malicious use of the "Pre-Warrant Pilot Program."

37) Defendant Bunis acted jointly or by mutual assent to the general course of conduct engaged in by all named Defendants to interfere with the Plaintiffs' ability to exercise or enjoy their rights, privileges or immunities as secured by United States law. Defendant Bunis affirmative acts in furtherance of the unlawful course of conduct include but are not limited to:

    a) Using his actual or apparent authority and the "Pre-Warrant" process to assist Defendant Law Office of Sharon Kelly Sayers, Defendant Sayers, Defendant Plezsewicz, and Defendant Auchincloss to effectuate abuses of process against the Plaintiffs;

    b) Using his apparent authority and the "Pre-Warrant" process to coerce Plaintiff Daughter into violating a no contact order issued by Judge Stephen K. Lindley on three occasions with malicious intent;

    c) Using his apparent authority to "invoke" "Pre-Warrant" process Plaintiff Daughter's privilege against self-crimination to interfere with Plaintiff Daughter's freedom to speak about the battery perpetrated against her by Defendant Plezsewicz on January 11, 2006;

    d) Precluding Plaintiff Father from exercising his first amendment rights in Courtroom III of the Monroe County Courthouse during a "Pre-warrant" hearing on December 7, 2005;

    e) Preventing Plaintiff Father from attending a "Pre-warrant" hearing in Courtroom I[1] of the Monroe County Courthouse on January 11, 2006;

---

[1] On the first floor of the Monroe County Courthouse in the City of Rochester, New York.

f) Employing Defendant Amorese and other Court Attendants of the Monroe County Courthouse to exclude Plaintiff Father from Courtroom III of the Monroe County Courthouse during a "Pre-Warrant" hearing on January 11, 2006;

g) Prohibiting Plaintiff Father from speaking about the events he witnessed on November 8, 2005; and

(h) Having Defendant Amorese threaten Plaintiff Daughter with incarceration on January 11, 2006, when Plaintiff Daughter exercised her right to decline to act in violation of a no contact order issued by Judge Stephen K. Lindley.

38) Defendant Amorese acted jointly or by mutual assent to the general course of conduct of all named Defendants to interfere with the Plaintiffs' ability to exercise or enjoy their rights, privileges or immunities as secured by United States law. Defendant Amorese's affirmative acts in furtherance of the unlawful course of conduct include but are not limited to:

a) Threatening Plaintiff Daughter with incarceration on January 11, 2006, if she [Plaintiff Daughter] would not affirmatively act in violation of a "no contact" order issued by Judge Stephen K. Lindley;

b) Threatening Plaintiff Father with incarceration on February 3, 2005;

c) Concealing the names of the Court Attendants who assisted and/or witnessed Defendant Bunis unlawfully exercise his actual or apparent authority on January 11, 2006; and

(d) Otherwise employing his actual or apparent authority as a Monroe County Court Attendant to harass and intimidate the Plaintiffs on February 3, 2006.

39) The "Pre-Warrant Pilot Program" employs Defendant Green's prosecutorial authority as a custom, practice or procedure.

40) On December 7, 2005, Defendant Bunis spoke with Defendant Sayers about procuring an "Adjournment in Contemplation of Dismissal$^2$ (ACD)" against Plaintiff Daughter.

40) On Monday December 5, 2006, Ms. Carol McCarthy, contacted Plaintiff Father via telephone to inform him that he would not be permitted to attend the "Pre-Warrant" hearing on Wed. December 7th, 2006, to be held in Courtroom I$^3$ of the Monroe County Court. Defendant Bunis telephoned Plaintiff Father on Tuesday morning, December 6th, 2006. Defendant Bunis informed Plaintiff Father that Assistant District Attorney Vincent Rizzo$^4$ had agreed to make an "exception" for Plaintiff Father and permit Plaintiff Father to attend$^5$ the "Pre-Warrant" hearing held in Courtroom I of the Monroe County Courthouse on December 7, 2005. Defendant Bunis told Plaintiff Arie Bodek that Plaintiff Daughter's participation in the "Pre-Warrant Pilot Program" was not required. Defendant Bunis told Plaintiff Father that the "Pre-Warrant" hearing would provide an opportunity for her [Plaintiff Daughter] to present her [Plaintiff Daughter's] side of the "facts$^6$."

41) On December 1st, 2005, the Plaintiffs delivered sworn affidavits and supporting exhibits to Defendant Bunis, Green, and to the "Pre-Warrant" Office located in City Court of Rochester. On or about December 6, 2005, Defendant Bunis informed Plaintiff Father via telephone that he

---

$^2$ Apparently as a "plea bargain."
$^3$ The Courtroom is located on the first floor of the Monroe County Courthouse.
$^4$ Vicent Rizzo states that he is Harvey S. Bunis' direct supervisor.
$^5$ Defendant Bunis and District Attorney Vincent Rizzo knew that Plaintiff Daughter would be out of the State.
$^6$ Participants in the "Pre-Warrant" process are not provided any information about potential charges, names of witnesses, or the nature of the allegations at issue.

[Defendant Bunis] had reviewed the Plaintiffs affidavits.

42) On December 7, 2005, Plaintiff Father appeared in Courtroom I for the "pre-warrant" hearing. Defendant Bunis employed his actual or apparent authority to preclude Plaintiff Father from relaying facts material to Defendant Plezsewicz' allegations. Prior to December 7, 2005, the Plaintiffs were denied access[7] to Defendant Plezsewicz' identity and the nature of her allegations.

43) Defendant Bunis determined that Plaintiff Father's information was "not relevant" because Plaintiff Father wasn't there" when the "incident" [as relayed to Defendant Bunis by Defendant Pleszewicz] occurred."

44) On December 7th, 2005, Plaintiff Father observed the clerk of "Pre-Warrant Pilot Program" outside the courtroom keeping a ledger of the status of the "Pre-Warrant" processes, while waiting to appear in Courtroom I of the Monroe County Courthouse before Defendant Bunis. Some respondents' "Pre-Warrant" hearings were adjourned to a future date, and some complainants carried forms signed by Bunis that authorized them to procure a warrant for a respondent's arrest and request restraining orders.

45) Defendant Bunis precluded consideration of the facts and circumstances presented by the Plaintiffs and advocated for Defendant Pleszewicz through the "Pre-Warrant Pilot Program" to secure a No Contact Order[8] in furtherance of Defendants Auchincloss, Sayers, and Law Offices of Sharon Kelly Sayers' general course of conduct.

46) Defendant Bunis told Plaintiff Father that he was "issuing a warrant" because she

[Plaintiff Daughter] did not show up to the "Pre-Warrant" hearing.

47)     Defendant Bunis also told Plaintiff Father that the decision whether to prosecute Plaintiff Daughter "was entirely up to her" [referring to Defendant Pleszewicz].

48)     Defendant Bunis[9] communicated with Defendant Sayers regarding a proposed "settlement" of the potential charges Defendant Pleszewicz intended to advance against Plaintiff Daughter.

49)     All named Defendants engaged in joint action to the wrongful acts enumerated herein.

50)     Defendant Bunis' affirmative acts, in addition to, his position as the Assistant District Attorney for the County of Monroe administering the "Pre-Warrant" process enabled the wrongful action alleged herein.

51)     The "Pre-Warrant Pilot Program" is unconstitutional on its face and as applied as a custom, practice or procedure of the County of Monroe and Defendant Green.

52)     The "Pre-Warrant Pilot Program" in Monroe County is initiated through computer-generated mailing from Defendant Green admonishing the addressee that a warrant will issue for that individual's arrest if he or she fails to appear in a designated Courtroom of at a designated time for a "hearing[10]." The addressee is not entitled to any information regarding the subject-matter of the "Pre-Warrant" proceeding. The addressee is advised that he or she is "entitled" to bring his or her attorney to the "Pre-Warrant" proceeding.

53)     "Pre-Warrant" hearings are held on Wednesdays before a part-time Assistant District

---

[8] Issued by Judge Stephen K. Lindley.
[9] Harvey S. Bunis asked Plaintiff Father to offer Plaintiff Daughter an "Adjournment in Contemplation of Dismissal" (ACD).
[10] The use of the term "hearing" in this context is misleading in light of the nature of the "Pre-Warrant" process.

14

Attorney[11].

54) No written policies, rules or guidelines are available regarding the operation of the "Pre-Warrant Pilot Program."

55) In accordance with the "Pre-Warrant Pilot Program" court reporters are not permitted in the courtrooms to record courtroom minutes during "Pre-Warrant" hearings.

56) Police officers do not attend "Pre-Warrant" hearings.

57) The "Pre-Warrant Pilot Program" operates in derogation of the Equal Protection Clause against non-resident addressees as Defendant Green's investigative prosecutorial authority is indiscriminately delegated as a custom, practice or procedure.

58) All named Defendants acted under the color of law to deny the Plaintiffs their rights, privileges or immunities secured by the First, Fourth and Fifth amendments as applied under the Fourteenth Amendment of the United States Constitution.

59) All named Defendants and the "Pre-Warrant Pilot Program" caused[12] deprivations of the Plaintiffs' rights, privileges and immunities as secured by the law of the United States.

### FIRST CLAIM FOR RELIEF
### (PLAINTIFF FATHER AGAINST ALL NAMED DEFENDANTS)
### VIOLATION(S) OF 42 U.S.C. §1983

60) Plaintiff Father re-alleges and incorporates by reference ¶¶ 1 – 59 of this Amended Verified Complaint and Jury Demand.

---

[11] At present this part-time Assistant District Attorney is Harvey S. Bunis.
[12] Definable also a "legal cause" or "cause in fact".

61) The Defendants' acted under the color of law to deprive Plaintiff Father of his rights, privileges, and immunities as guaranteed by the United States Constitution and as applied to the State of New York by the Fourteenth Amendment.

61) The Defendants are "persons" amenable to suit pursuant to 42 U.S.C. § 1983.

62) The Defendants employed unconstitutional custom, practice or procedure, particularly the "Pre-Warrant Pilot Program" in furtherance of the unlawful course of conduct that deprived or otherwise obstructed Plaintiff Father's ability to exercise his rights, privileges and immunities as codified by the United States Constitution.

63) As a direct and proximate result of the Defendants' wrongful acts and omissions in furtherance of the unlawful course of conduct Plaintiff Father suffered and continues to suffer pecuniary losses and non-pecuniary damages.

## SECOND CLAIM FOR RELIEF
## (PLAINTIFF DAUGHTER AGAINST ALL DEFENDANTS)
## VIOLATION(S) OF 42 U.S.C. § 1983

64) Plaintiff Daughter re-alleges and incorporates by reference ¶¶ 1 – 63 of this Amended Verified Complaint and Jury Demand.

65) All named Defendants acted under the color of law of law to deprive Plaintiff Daughter of her rights, privileges, and immunities as secured by the United States Constitution and as applied to the State of New York by the Fourteenth Amendment.

66) All named Defendants are "persons" amenable to suit under 42 U.S.C. § 1983.

67) The Defendants' conduct violated Plaintiff Daughter's rights, privileges and immunities as codified by the United States Constitution.

68) The Defendants employed unconstitutional customs, practices or procedures, namely the "Pre-Warrant Pilot Program" in furtherance of the unlawful course of action to deprive or otherwise obstruct Plaintiff Daughter's ability to exercise her rights, privileges and immunities as secured by the United States Constitution.

69) As a direct and proximate result of the Defendants' wrongful acts and omissions Plaintiff Daughter suffered and continues to suffer pecuniary and non-pecuniary damages.

### THIRD CLAIM FOR RELIEF
### (PLAINTIFFS AGAINST ALL DEFENDANTS EXCLUDING DEFENDANT GREEN)
### ABUSE OF PROCESS

70) The Plaintiffs re-allege and incorporates by reference ¶¶ 1 – 69 of this Amended Verified Complaint and Jury Demand.

71) The "Pre-Warrant" process is regularly and routinely used in the County of Monroe.

72) Defendants employed the "Pre-Warrant" process to gain collateral advantage or cause corresponding detriment to the Plaintiffs.

73) Defendants Auchincloss, Sayers, and Pleszewicz activated the "Pre-Warrant" process with an ulterior motive outside the scope of its intended purposes.

74) As a direct and proximate result of the Defendants' wrongful acts and omissions, the Plaintiffs suffered and continue to suffer pecuniary and non-pecuniary damages.

### FOURTH CLAIM FOR RELIEF
### (PLAINTIFF DAUGHTER AGAINST DEFENDANT PLESZEWICZ)
### BATTERY

75) Plaintiff Daughter re-alleges and incorporates by reference ¶¶ 1 – 74 of this Amended Verified Complaint and Jury Demand.

76) On November 8, 2005, Defendant Plezsewicz perpetrated unwanted physical contact against Plaintiff Daughter by repeatedly slapping at and pushing Plaintiff Daughter.

77) The unwanted physical contact perpetrated by Defendant Plezsewicz was objectively harmful or offensive.

78) As a direct and proximate result of the Defendants' wrongful acts and omissions, Plaintiff Daughter has suffered and continues to suffer pecuniary and non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request the Court to enter judgment in their favor and against the Defendants as follows:

A. On the Plaintiff Father's first claim for relief against all named Defendants, the first claim for relief, damages pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial;

B. On the Plaintiff Daughter's second claim for relief, against all named Defendants, damages pursuant to 42 U.S.C. § 1983, in an amount to be determined at trial;

C. On the Plaintiffs' third claim for relief for abuse of process all Defendants, damages in an amount to be determined at trial;

D. On Plaintiff Daughter's fourth claim for relief against Defendant Pleszewicz, damages in an amount to be determined at trial; and

E. Declaratory relief to redress the arbitrary, invalid and unconstitutional employment of the "Pre-Warrant Pilot Program" in general and as applied to non-residents of the State of New York.

Respectfully submitted this 21st day of February 2006 by:

_____
Arie Bodek, *Pro Se*

_____
Esther Bodek, *Pro Se*

## VERIFICATION

**STATE OF NEW YORK**          )
                                                      ) ss.
**CITY AND COUNTY OF MONROE**   )

I, Arie Bodek, having first been duly sworn, hereby state that all facts contained in this Verified Complaint and Jury Demand are true and correct to the best of my knowledge, information and belief.

_____
Arie Bodek

Subscribed and sworn to before me this  21  day of  February , 2006, by Arie Bodek. Witness my hand and official seal.

_____
Notary Public

My commission expires: _____

SUSAN PALMER
NOTARY PUBLIC STATE OF NEW YORK
LIVINGSTON COUNTY
REG# 01PA6092650
COMMISSION EXPIRES MAY 27, 20 07

19

## VERIFICATION

STATE OF NEW YORK            )
                             ) ss.
CITY AND COUNTY OF MONROE    )

I, Esther Bodek, having first been duly sworn, hereby state that all facts contained in this Verified Complaint and Jury Demand are true and correct to the best of my knowledge, information and belief.

_____
Esther Bodek

Subscribed and sworn to before me this __21__ day of __February__, 2006, by Esther Bodek. Witness my hand and official seal.

_____
Notary Public

My commission expires: _____

SUSAN PALMER
NOTARY PUBLIC STATE OF NEW YORK
LIVINGSTON COUNTY
REG# 01PA6092650
COMMISSION EXPIRES MAY 27, 20__07__

